# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: July 31, 2020

```
* * * * * * * * * * * * * * * * *
KESHA JOSEPH,                    *
as administrator of             *          UNPUBLISHED
the Estate of M.J.H,            *
                                *          No. 18-1447V
              Petitioners,      *
v.                              *          Special Master Gowen
                                *
SECRETARY OF HEALTH             *          Motion for Dismissal Decision;
AND HUMAN SERVICES,             *          Rotavirus; Intussusception;
                                *          Insufficient Proof.
                                *
              Respondent.       *
* * * * * * * * * * * * * * * * *
```

*Ronald T. Lawrence, II,* Everett, Womble & Lawrence LLP, Goldsboro, NC, for petitioner.
*Catherine E. Stolar,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION[1]

On September 21, 2018, Kesha Joseph, as administrator of the estate of M.J.H. ("petitioner"), filed a petitioner in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the rotavirus vaccine administered to M.J.H. on October 4, 2016 was the cause-in-fact of adverse effects, resulting in his death. Petition at Preamble (ECF No. 1). The information in the record does not establish entitlement to compensation.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On July 31, 2020, petitioner filed a motion for a decision dismissing petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 47).[3] Petitioner stated an investigation of the facts and science supporting their case has demonstrated that they will be unable to prove that M.J.H. is entitled to compensation. Pet. Mot. at ¶1. In these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent and the Vaccine Program. *Id.* at ¶ 2. Additionally, petitioners understand that a decision dismissing their petition will result in judgment against them and they have been advised by counsel that a judgment will end all of their rights in the Vaccine Program. *Id.* at ¶ 3. Petitioner understands that her attorney may apply for fees and costs once her case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of the claim and to oppose, if appropriate, the application for fees and costs. *Id.*

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). To satisfy their burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, the medical records are insufficient to establish entitlement and petitioner's expert have not presented opinions that support a finding of vaccine causation under *Althen.*

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Petitioner also filed a Motion to Voluntarily Dismiss pursuant to Rule 21(a). *See* Petitioner's Motion (ECF No. 46). This decision renders that motion moot.

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).