# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 13, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| KESHA JOSEPH as Administrator | * | |
| of The Estate of MJH, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1447V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Ronald T. Lawrence, II</u>, Everett, Womble & Lawrence LLP, Goldsboro, NC, for Petitioner.
<u>Catherine E. Stolar</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 26, 2021, Ruth Gear ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 51). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$12,093.69.**

I.    **Procedural History**

On September 21, 2018, Petitioner, as administrator of the estate of M.J.H., filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that the rotavirus vaccine administered to M.J.H. on October 4, 2016 was the cause-in-fact of adverse effects which resulted in his death. *See* Petition (ECF No. 1). On July 31, 2020, Petitioner filed a motion for a

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

decision dismissing the petition, stating that an investigation in the facts and science supporting the case has demonstrated that she will be unable to prove that M.J.H. is entitled to compensation. On July 31, 2021, I issued my decision dismissing the petition for insufficient proof. (ECF No. 48).

On February 26, 2021, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation for her attorney, Mr. Ronald Lawrence, in the total amount of $23,079.19, representing $17,852.00 in attorneys' fees and $5,227.19 in costs.[3] Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of this claim. *Id.* Respondent reacted to the fees motion on March 3, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 52). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I find that the petition was filed in good faith and there was a reasonable basis for the matter to proceed for as long as it did. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests that her attorney, Mr. Ronald Lawrence, be compensated at $250.00 per hour for all work performed in this case, from 2018-2020. I find this rate to be reasonable for Mr. Lawrence's work in this case and shall award it herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent

---

[3] Petitioner's motion requested attorneys' costs of $5,252.58. Fees App. at 1. On May 20, 2021, I ordered petitioner to make a supplemental filing supporting the requested costs with documentation. (ECF No. 54). On May 25, 2021, Petitioner filed the requested documentation, which amended the requested attorneys' costs to $5,227.19. (ECF No. 55).

2

on this matter to be reasonable. The entries accurately describe the work being performed and the length of time it took to perform each task and Respondent also has not identified any particular entries as being objectionable. However, despite Petitioner requesting attorneys' fees of $17,852.00, the submitted billing records reflect only $6,866.50 in attorneys' fees. Moreover, at least from my review of the submitted entries, it is unlikely over $11,000.00 of entries were inadvertently left out, as the submitted entries reflect all the work that I would typically expect to be performed in a case with the posture of the instant one and there do not appear to be any missing entries based upon how counsel has numbered each line of billing entries on the left side of the submitted documentation. Fees App. Ex. 1 at 1-3. Accordingly, I can only award counsel for what billing has been submitted and therefore award final attorneys' fees of $6,866.50.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $5,227.19, representing acquisition of medical records, postage, the Court's filing fee, and expert work performed by Dr. Danielle Walsh. (ECF No. 55). Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED. Accordingly, I award a lump sum in the amount of $12,093.69, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and her attorney, Mr. Ronald Lawrence, II.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).